| | |
|---|---|
| PITE DUNCAN & MELMET, LLP | E-Filed on 11/29/05 |

PITE DUNCAN & MELMET, LLP
STEVEN W. PITE (NV Bar #008226)
MICHELLE L. ABRAMS (NV Bar #005565)
JASON A. ROSE (NV Bar #009671)
7201 West Lake Mead Blvd., Suite 210
Las Vegas, NV 89128
**Mailing Address**
**525 E. Main Street**
**P.O. Box 12289**
**El Cajon, CA 92022-2289**
Telephone: (702) 413-9692
Facsimile: (619) 590-1385
E-mail: pdm-nvbecf@piteduncan.com

Attorneys for   Secured Creditor NATIONAL CITY HOME LOAN SERVICES, F.K.A.
                ALTEGRA CREDIT COMPANY, its successors and/or assigns

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA - LAS VEGAS DIVISION

| | |
|---|---|
| In re<br><br>RADFEL ROSS AND<br>MATTIE ROSS,<br><br>      Debtor(s). | Bankruptcy Case No. BK-S-05-17523-LBR<br>Chapter 13<br>Motion No.<br><br>NATIONAL CITY HOME LOAN<br>SERVICES, F.K.A. ALTEGRA CREDIT<br>COMPANY'S MOTION FOR RELIEF<br>FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>Date:    December 21, 2005<br>Time:    2:00 pm |

TO THE RESPONDENTS NAMED ABOVE:

National City Home Loan Services, f.k.a. Altegra Credit Company, its successors and/or assigns ("Movant"), respectfully represents as follows:

**RELIEF FROM STAY - CAUSE**

**FAILURE TO MAKE POST-PETITION PAYMENTS**

1.  This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code sections 157, 1334, and 11 United States Code section 362.

2.  On or about September 4, 2002, Radfel Ross and Mattie Ross ("Debtors") filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, and were assigned case No. BK-S-02-20093-BAM. On or about February 10, 2003, Movant filed a Motion for Relief From Automatic

654367.wpd

1  Stay, and on or about June 11, 2003, an Order for Adequate Protection was entered by the court. On
2  or about June 21, 2005, said case was subsequently dismissed. A true and correct copy of the
3  PACER docket is attached hereto as exhibit B and incorporated herein by reference.

4        3.      On or about August 2, 2005, Debtors filed the present voluntary petition under
5  Chapter 13 of the Bankruptcy Code. Rick A. Yarnall is the appointed Chapter 13 Trustee.

6        4.      On or about September 6, 2000, Debtors, for valuable consideration, made, executed
7  and delivered to The CIT Group/Consumer Finance, Inc. ("Lender") a Note in the principal sum of
8  $28,683.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and
9  interest payments continuing until September 15, 2010, when all outstanding amounts are due and
10 payable.

11       5.      On or about September 6, 2000, Debtors made, executed and delivered to Lender a
12 Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property
13 located at 5540 Longbow Drive, Las Vegas, Nevada 89142 (hereinafter "Real Property"), which is
14 more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs
15 incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under
16 the Note. The Deed of Trust was recorded on September 11, 2000, in the Official Records of Clark
17 County, State of Nevada. A true and correct copy of the Deed of Trust is attached hereto as
18 exhibit C and incorporated herein by reference.

19       6.      Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold,
20 assigned and transferred to Movant. A true and correct copy of the Corporation Assignment of Deed
21 of Trust evidencing the Assignment of the Note and Deed of Trust to Movant is attached hereto as
22 exhibit D and incorporated herein by reference.

23       7.      On or about July 20, 2001, Movant and Debtors entered into a Subordination
24 Agreement where by it was agreed that the Deed of Trust executed by the Debtors would be
25 subordinate to the Mortgage requested by the Debtors to Fleet National Bank in the principal balance
26 of $67,400.00. The Subordination Agreement was recorded on September 27, 2001, in the official
27 records of Clark County, at Docket 20010927-01675. A true and correct copy of the Subordination
28 Agreement is attached hereto as exhibit E and incorporated herein by reference.

8. The Debtors are in default of their obligations under the Note for failure to make payments as of June 15, 2005. As of November 10, 2005, the principal balance due and owing under the Note is the approximate sum of $21,204.33. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Movant's Information Sheet as to the extent of liens and encumbrances against the Real Property is attached hereto as exhibit A and incorporated herein by reference.

9. Pursuant to 11 United States Code section 1322, and the Debtors' Chapter 13 Plan, the Debtors are obligated to make all post-petition payments owing on the Note directly to Movant. However, Movant has not received the post-petition payments owing for October 1, 2005, through November 1, 2005. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $877.64, consisting of two payments at $438.82 each, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

10. A debtor's failure to make post-petition mortgage payments as they become due in a Chapter 13 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code section 362(d)(1). (In re Ellis (9th Cir. 1985) 60 B.R. 432.) Accordingly, as the Debtors have failed to make post-petition payments under the Note, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code section 362(d)(1).

**RELIEF FROM STAY - CAUSE**

**ADEQUATE PROTECTION**

11. Pursuant to the provisions of 11 United States Code sections 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

12. Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

13. Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

14. By reason of the foregoing, Movant is entitled to relief from stay under 11 United

1  States Code section 362(d)(1), based upon the failure of Debtors to provide adequate protection to
2  Movant and to make payments as required by 11 United States Code section 1322.
3       WHEREFORE, Movant respectfully prays for an Order of this court as follows:
4       1.    Terminating the automatic stay of 11 United States Code section 362, as it applies to
5  the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of
6  Trust;
7       2.    Providing that the Order is binding as to the Debtors for a period of 180 days
8  following entry of the Order in any pending and/or subsequently filed bankruptcy case(s);
9       3.    That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived;
10      4.    Granting Movant leave to foreclose on the Real Property and to enforce the security
11 interest under the Note and the Deed of Trust, including any action necessary to obtain possession
12 of the Property;
13      5.    Permitting Movant to offer and provide Debtors with information re: a potential
14 Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss
15 Mitigation Agreement, and to enter into such agreement with Debtors;
16      6.    Alternatively, in the event this court declines to grant Movant the relief requested
17 above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to
18 reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust
19 and all other deeds of trust encumbering the Property, including Debtors' obligations to pay when
20 due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/
21 insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to protect
22 Movant's interest in the Property, including all attorneys' fees and costs incurred in the filing of this
23 motion;
24      7.    That the attorneys' fees and costs incurred by Movant for filing the instant Motion be
25 included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and
26 /./././
27 /././.
28 /././.

1    8.    For such other and further relief as the court deems just and proper.

Dated: November 29, 2005                         /s/ Jason A. Rose
                                                525 E. Main Street
                                                P.O. Box 12289
                                                El Cajon, CA 92022-2289
                                                (702) 413-9692
                                                NV Bar #009671
                                                Attorney for NATIONAL CITY HOME LOAN SERVICES, F.K.A. ALTEGRA CREDIT COMPANY, its successors and/or assigns